## AGNES MINARS v. BROWERVILLE STATE BANK AND OTHERS.[1]

November 25, 1938.

No. 31,721.

*Frederick P. Warber* and *Robert H. Petzke,* for appellant.
*Henry F. Prinz* and *W. J. Stephens,* for respondents.

LORING, JUSTICE.

This is the second appearance of this case in this court. For our former opinion see 197 Minn. 595, 268 N. W. 197, to which we refer for a statement of facts. It was there held that the contract sued upon constituted the defendants joint adventurers with the plaintiff's intestate, their share of profits or loss to be determined on the basis of their relative stockholdings in the bank as of March 26, 1926, and that the plaintiff was entitled to contribution for expenditures made by her intestate after the date of the contract and for his investment as of that date. Upon retrial of the case it was held that the plaintiff was entitled to recover of the solvent coadventurers only the amount which they would have been required to contribute had all the adventurers been solvent and that the plaintiff must stand the loss as to two of the coadventurers who were insolvent. She comes here with the contention

[1]Reported in 282 N. W. 472.

that the coadventurers should stand their proportionate share, according to their stockholdings, of the loss which she is unable to collect from the insolvents. With her contention we agree. Entirely aside from the doctrine of equitable contribution, we think the tenor of the contract itself is such as to require such contribution. The contract is long and complicated, but in its provisions is one in the sixth paragraph which we think is very significant and conclusive in favor of the plaintiff. It is there provided that upon call for payment or reduction of the indebtedness of the bank such demand "shall be against parties of the second part [Minars] and third part [the defendants], as hereinbefore provided, and each shall pay to first party [the bank] his prorata share thereof and *parties of the third part will hold second party free from loss herein, save as second party assumes his prorata share of that loss with third parties.*" This is plain language indicating a purpose to protect Minars from any loss beyond his prorata share. He must, of course, stand his share of the loss on account of the two insolvent coadventurers, but this must be on the basis, as stated elsewhere, of his stockholdings. To hold plaintiff liable for the loss to insolvent debtors is in direct violation of defendants' agreement to hold Minars free from loss in connection with the transaction save as to his prorata share.

The judgment is reversed with directions to the lower court to proceed in accordance with this opinion.